# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 37

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TOLLIE JACK ROBERTS, IV. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on May 4, 2011. It appeared to the court at the call of this matter on for hearing the defendant was present with his attorney, Sean P. Devereux and the government was present and represented through Assistant United States Attorney David Thorneloe. The matter further comes before the court pursuant to a motion filed by counsel for defendant entitled "Motion for Release Pending Sentencing" (#7). From the evidence in this matter and from arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On April 11, 2011 a bill of information was issued charging defendant with the offense of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On May 4, 2011, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the

defendant to the charge contained in the bill of information. At the end of the Rule 11 proceeding, this court presented the issue of whether or not defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2) and defendant presented the issue of whether or not defendant should now be released, pursuant to 18 U.S.C. § 3145(c).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears defendant has entered a plea of guilty on May 4, 2011 to the crime of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). That crime is one of the crimes of violence that is referenced under 18 U.S.C. § 3142(f)(1)(A) as that term is defined under 18 U.S.C. § 3156(a)(4)(C).

The undersigned made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there was going to be a recommendation that no

defendant to the charge contained in the bill of information. At the end of the Rule 11 proceeding, this court presented the issue of whether or not defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2) and defendant presented the issue of whether or not defendant should now be released, pursuant to 18 U.S.C. § 3145(c).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears defendant has entered a plea of guilty on May 4, 2011 to the crime of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). That crime is one of the crimes of violence that is referenced under 18 U.S.C. § 3142(f)(1)(A) as that term is defined under 18 U.S.C. § 3156(a)(4)(C).

The undersigned made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there was going to be a recommendation that no

sentence of imprisonment be imposed upon defendant. Mr. Thorneloe advised the court that such a recommendation could not be made in this matter. The undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted due to the plea of guilty of defendant. It would thus appear and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Before entering an order, however, the court will consider defendant's "Motion for Release Pending Sentencing" (#7). In that motion, defendant requests that he be released pending sentencing due to exceptional reasons why defendant's detention would not be appropriate, pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order**. — An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

It is defendant's contention that a comparison of the factual circumstances of the charges against defendant with those as set forth in U.S v. Mitchell, 358 F.Supp.2d 707 (E.D. Wis. 2005) show that defendant meets the requirements of 18 USC § 3145(c) for release and there are exceptional reasons why defendant's detention would

not be appropriate. In Mitchell, the court found that defendant had fully cooperated with the government, had performed well while he was on pretrial release and, defendant was attempting to sell his home. The court found that those facts constituted exceptional reasons justifying the continued release of defendant. In this case, defendant has presented evidence showing that defendant is 51 years old. He is married and has two adult daughters and five grandchildren. Defendant attends Biltmore Baptist Church. He is employed on a 115 acre farm in which he owns a substantial interest. Defendant has no criminal record whatsoever. He suffers from severe sleep apnea and related migraine headaches. Defendant takes medication that has been prescribed for him for that condition and further uses what is known as CPAP machine. The letters CPAP mean Continuous Positive Airway Pressure. Defendant uses this machine at night as treatment for his sleep apnea. The machine requires daily maintenance and care for it to work properly. Defendant introduced into evidence without objection his Exhibit 2 which described the operation of a CPAP machine. Defendant further introduced into evidence as Defendant's Exhibit 1 a letter from his physician Fredrick C. Littleton, M.D. Dr. Littleton described defendant as suffering from hypertension and anxiety both of which are controlled by medication. Dr. Littleton further describes in his letter the fact that

From the foregoing, it appears, and the court is of the opinion that the

undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that defendant be detained pending sentencing in this matter, pursuant to 18 U.S.C. § 3143(a)(2).

Signed: May 16, 2011

Dennis L. Howell
United States Magistrate Judge